IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| S. L., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-25-213-SM |
| ) | |
| FRANK BISIGNANO, ) | |
| COMMISSIONER ) | |
| OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

S. L.[1] (Plaintiff), seeks judicial review of the Commissioner of Social Security's final decision that he was not "disabled" under the Social Security Act. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). The parties have consented to proceed before the undersigned for disposition. Docs. 6 & 7[2]; *see* 28 U.S.C. § 636(c).

Plaintiff asks this Court to reverse the Commissioner's decision and remand the case for further proceedings, arguing, that the Administrative Law Judge (ALJ) committed reversible error by (1) disregarding his "marked" social

---

[1] The Court refers to Plaintiff by initials only to protect Plaintiff's privacy because of the sensitive nature of medical and personal information disclosed in Social Security cases.

[2] Citations to the parties' pleadings and attached exhibits will refer to this Court's CM/ECF pagination. Citations to the administrative record (AR) will refer to its original pagination.

limitations, (2) not accounting for his waxing and waning conditions, and (3) relying on impermissible lay opinion. Doc. 12, at 9-18.

After careful review of the administrative record (AR), the parties' briefs, and the relevant authority, the Court finds substantial evidence supports the ALJ's decision and affirms the Commissioner's decision. *See* 42 U.S.C. §§ 405(g), 1383(c)(3).

## I. Administrative determination.

### A. Disability standard.

Plaintiff applied for disability benefits and supplemental security income under the Social Security Act. AR 28; *see* 42 U.S.C. §§ 401, *et seq.*, 1381, *et seq.*

The Social Security Act defines "disability" as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 423(d)(1)(A). "This twelve-month duration requirement applies to the claimant's inability to engage in any substantial gainful activity, and not just [the claimant's] underlying impairment." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Barnhart v. Walton*, 535 U.S. 212, 218-19 (2002)).

**B.     Burden of proof.**

Plaintiff "bears the burden of establishing a disability" and of "ma[king] a prima facie showing that he can no longer engage in his prior work activity." *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). If Plaintiff makes that prima facie showing, the burden of proof then shifts to the Commissioner to show Plaintiff "retains the capacity to perform" a different type of work and that such a "specific type of job exists in the national economy." *Id.* (quoting *Channel v. Heckler*, 747 F.2d 577, 579 (10th Cir. 1984)).

**C.     Relevant findings.**

   **1.     ALJ's findings.**

The ALJ assigned to Plaintiff's case applied the standard regulatory analysis to decide whether Plaintiff was disabled during the relevant timeframe. AR 28-37; *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *see also Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (describing the five-step framework). The ALJ found Plaintiff:

   (1)   had not engaged in substantial gainful activity since June 1, 1998, the alleged onset date;

   (2)   has the severe medically determinable impairments of obesity, obstructive sleep apnea, lumbar spondylosis, bilateral knee osteoarthritis, neuropathy, diabetes mellitus, bipolar disorder, and generalized anxiety disorder;

(3)     had no impairment or combination of impairments that met or medically equaled the severity of a listed impairment;

(4)     had the residual functional capacity[3] (RFC) to perform light work as defined in 20 C.F.R. §§ 404.1567(b), 416.967(b) with the following exceptions: he can stand and walk up to four hours in an eight-hour workday; perform simple, routine, and repetitive tasks and make simple work-related decisions; occasionally have contact with supervisors and coworkers, and no contact with the public; and tolerate only occasional changes in the work setting;

(5)     had no past relevant work;

(6)     was a younger individual on the alleged disability onset date;

(7)     jobs exist in significant numbers in the national economy that Plaintiff can perform; namely bench assembler, Dictionary of Occupational Titles (DICOT) 706.684-042; hand packager, DICOT 559.687-074; and mail clerk, DICOT 209.687-026, with a fifty percent reduction in job numbers due to standing and walking limitations;

(8)     had not been under a disability from June 1, 1998 through May 2, 2024.

AR 30-37.

### 2. Appeals Council's findings.

The Social Security Administration's Appeals Council denied Plaintiff's request for review, *see id.* at 11-16, "making the ALJ's decision the

---

[3]     "[R]esidual functional capacity is the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. §§ 404.1545(a)(1); 416.945(a).

Commissioner's final decision for [judicial] review." *Krauser v. Astrue*, 638 F.3d 1324, 1327 (10th Cir. 2011); *see* 20 C.F.R. §§ 404.981, 416.1481.

## II. Judicial review of the Commissioner's decision.

### A. Review standard.

The Court reviews the Commissioner's final decision to determine "whether substantial evidence supports the factual findings and whether the ALJ applied the correct legal standards." *Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016). "An agency decision that either applies an incorrect legal standard or is unsupported by substantial evidence is subject to reversal." *Staheli v. Comm'r, SSA*, 84 F.4th 901, 905 (10th Cir. 2023).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010)); *see also Lax*, 489 F.3d at 1084 (defining substantial evidence as "more than a scintilla, but less than a preponderance"); *Wall*, 561 F.3d at 1052 (explaining that "'[e]vidence is not substantial if it is overwhelmed by other evidence in the record'" (quoting *Grogan v. Barnhart*, 399 F.3d 1257, 1261-62 (10th Cir. 2005))). The Court "will not reweigh the evidence or substitute [its] judgment for the Commissioner's." *Lax*, 489 F.3d at 1084 (quoting *Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005)). Thus, "[t]he possibility of drawing two inconsistent conclusions

from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence." *Id.* (quoting *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

"[T]he failure to apply proper legal standards, may under the appropriate circumstances, be sufficient grounds for reversal independent of the substantial evidence analysis." *Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014) (quotations omitted). This Court "consider[s] whether the ALJ followed the 'specific rules of law that must be followed in weighing particular types of evidence in disability cases,' but we will not reweigh the evidence or substitute our judgment for the Commissioner's." *Lax*, 489 F.3d at 1084 (quoting *Hackett,* 395 F.3d at 1172). But the failure to apply the proper legal standard requires reversal only where the error was harmful. *Cf. Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) (placing the burden to show harmful error on the party challenging an agency's determination).

### B. The ALJ's consideration of Plaintiff's "marked" social limitations at step two.

Plaintiff first argues that the ALJ erred in failing to address his marked limitation in dealing with others in his RFC assessment. Doc. 12, at 8-13; Doc. 18, at 2-4.

When evaluating a claimant's mental impairments, the ALJ uses a psychiatric review technique that "requires adjudicators to assess an individual's limitations and restrictions from a mental impairment(s) in categories identified in the 'paragraph B' . . . criteria of the adult mental disorders listings." Soc. Sec. Ruling (SSR) 96-8p, 1996 WL 374184, at *4 (July 2, 1996); *see also Beasley v. Colvin*, 520 F. App'x 748, 754-55 (10th Cir. 2013). These criteria are, "[u]nderstand, remember, or apply information; interact with others; concentrate, persist, or maintain pace; and adapt or manage oneself." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00(A)(2)(b). But "the limitations identified in the 'paragraph B' . . . criteria are not an RFC assessment." SSR 96-8p, 1996 WL 374184, at *4. Rather, they "are used to rate the severity of mental impairment(s) at steps 2 and 3 of the sequential evaluation process." *Id.*

Here, the ALJ found Plaintiff had moderate limitations in each of the "paragraph B" functional areas, except he found Plaintiff had a marked limitation interacting with others. AR 31-32.

A marked limitation means that Plaintiff's functioning in interacting with others "independently, appropriately, effectively, and on a sustained basis is seriously limited." 20 C.F.R. pt. 404, subpt. P, app. 1,§ 12.00(F)(2)(d); *see also* POMS D.I. § 24510.063(B)(3) (instructing that a marked limitation should be

7

noted on Section I of the Mental Residual Functional Capacity Assessment (MRFCA) specifically "when the evidence supports that the individual cannot usefully perform or sustain the activity"). It does not mean that Plaintiff is *unable* to function in this area as in the case of an *extreme* limitation. 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.00(F)(2)(e).

In his RFC assessment, the ALJ limited Plaintiff to no more than occasional interaction with coworkers and supervisors, and no interaction with the general public. AR 33. Plaintiff relies on three cases from this Circuit to support his argument that the RFC here failed to account for his marked limitation. Doc. 12, at 9.

In *Jaramillo v. Saul*, No. 1:19-CV-00488, 2020 WL 6781789, at *4, 8 (D.N.M. Nov. 18, 2020), the ALJ gave the consultative examiner's opinion that claimant was markedly limited in his ability to interact with the general public, coworkers, and supervisors "significant weight." The district court agreed that an RFC parallel to Plaintiff's failed to reflect those marked limitations. *Id.* at 6. Here, we have no similar opinions on which the ALJ relied.

In *Simon v. Comm'r of SSA,* No. CIV-19-129, 2020 WL 5203574, at *5 (E.D. Okla. Sept. 1, 2020), the ALJ limited the claimant to occasional interaction with the general public *and* with supervisors and coworkers. The court reversed, concluding the ALJ noted a marked limitation in plaintiff's

8

ability to interact with the general public, which the RFC did not account for. Here, the ALJ found that Plaintiff "reported no significant issues in getting along with others," thus providing a foundation for the RFC's provision of occasional interaction with coworkers and supervisors. *See* AR 32.

Finally, in *Roadcap v. Kijakazi*, Civ. No. 21-621, 2022 WL 2390486, at *5 (D.N.M. July 1, 2022), the ALJ relied on objective evidence from two doctors as to claimant's difficulty getting along with friends, family, neighbors, and authority figures. Again, here, the ALJ noted Plaintiff's general ability to get along with others, as well as his "fairly normal mental status examinations." AR 35. The ALJ considered the record evidence and assessed RFC limitations that accounted for Plaintiff's mental impairments and social interaction symptoms supported by the record. *Id.* at 33-35.

Plaintiff argues for a more favorable interpretation of the evidence—a finding that a "marked" limitation should cause an ALJ to incorporate a more restrictive RFC limitation than "occasional" interaction—but under the substantial evidence standard, the record sufficiently supports the ALJ's RFC findings, and the ALJ therefore did not err. In sum, the Court concludes that because the ALJ's social interaction-related RFC limitations are supported by

substantial evidence, there is no reversible error based on the ALJ's RFC findings.[4]

### C. The ALJ's consideration of Plaintiff's symptoms.

Plaintiff next maintains the ALJ ignored the waxing and waning of his conditions relating to social limitations. Doc. 12, at 13-15; Doc. 18, at 4-5. He acknowledges the ALJ found Plaintiff's severe bipolar disorder has fluctuating symptoms. Doc. 12, at 14. And that it exacerbated his mental health symptoms, "*at times*." *Id.* (quoting AR 32) (emphasis added by Plaintiff). Then, Plaintiff seems to argue the ALJ only relied on Plaintiff's "good days," ignoring his bad days. *Id.* at 14-15.

Not so. The ALJ noted Plaintiff's "exacerbated mental health symptoms at times and reduced social activity due to a history of mood symptoms through the relevant period." AR 32, 35 ("exacerbated symptoms due to situational

---

[4] At step five, an ALJ may "take administrative notice of reliable job information available from various governmental and other publications," including the DICOT. 20 C.F.R. §§ 404.1566(d)(1), 414.6.966(d)(1). "Each job listed in the DOT is described by reference to various components," including a "Worker Function" component labeled "People," which "expresses the degree of interaction with other people that the job requires." *Hackett v. Barnhart*, 395 F.3d 1168, 1175 (10th Cir. 2005). This component "rates the amount of interaction with people [required for the job] on a scale of 0–8, with 8 representing the lowest possible level of human interaction that exists in the labor force." *Lane v. Colvin*, 643 F. App'x 766, 770 n.1 (10th Cir. 2016). Each job the ALJ identified has a level of 8. DICOT 706.684-042, 1991 WL 679055; DICOT 559.687-074, 1991 WL 683797; DICOT 209.687-026, 1991 WL 671813.

stressors"). The ALJ also noted Plaintiff can perform numerous activities of daily living, and sometimes needs help from family members due to mental health issues. *Id.* at 32, 34. Plaintiff asks this Court to reweigh the evidence, which it cannot do. *Lax*, 489 F.3d at 1084.

### D. The ALJ's crafting of the RFC.

Lastly, Plaintiff complains the ALJ crafted the RFC without any medical opinion in support. Doc. 12, at 15-16. Plaintiff argues that the ALJ's determination "played doctor" in creating an arbitrary RFC. Doc. 12, at 16. He maintains the RFC lacks substantial evidence, and that the ALJ crafted it from whole cloth, because the ALJ rejected each opinion in the record and also failed to order a consultative examination. *Id.* at 15-18; Doc. 18, at 5-6.

But "the ALJ is under no obligation to base [his] [RFC] assessment on any particular medical source's opinion" because "the determination of [RFC] is not a medical opinion." *Rex v. Colvin*, 26 F. Supp. 3d 1058, 1063 (D. Colo. 2014). "Instead, [RFC] is assessed based on all the relevant medical and other evidence, . . . including medical records, observations of treating physicians and others, and plaintiff's own description of his limitations." *Id.* (internal quotation marks omitted) (first quoting 20 C.F.R. § 404.1545(a)(3); and then quoting *Noble v. Callahan*, 978 F. Supp. 980, 987 (D. Kan. 1997)). The ALJ cannot *ignore* opinions but is not obligated to include, in the RFC assessment,

11

every limitation possibly suggested by a medical source. *Id.* (citations omitted). "If there are inconsistencies among the sources of evidence, 'the regulations do not say that the ALJ must resolve those inconsistencies by weighing favorable evidence more heavily; rather, the ALJ exercises his discretion to weigh the evidence and make a determination.'" *Israel R. v. Kijakazi*, No. 2:22-cv-00704, 2023 WL 8481408, at *3 (D. Utah Dec. 7, 2023) (quoting *Sandoval v. Kijakazi*, No. 1:21-cv-00471, 2023 WL 4231007, at *5 (D.N.M. June 28, 2023)). "[T]he ALJ's RFC assessment is an administrative, rather than a medical, determination." *McDonald v. Astrue*, 492 F. App'x 875, 885 (10th Cir. 2012).

Plaintiff argues that this Court reversed an ALJ's similarly faulty RFC in *Davis v. Kijakazi*, 23-CIV-610-SM, 2023 WL 8376205, at *4 (W.D. Okla. Dec. 4, 2023). But there, after an Appeals Council remand related to hand release surgery, the ALJ relied on updated evidence without citation to the record or an explanation of what the information was or entailed. *Id.* at *3-4. So there the Court found a logical bridge lacking in the ALJ's decision to limit Plaintiff to frequent fingering rather than occasional handling, fingering, and feeling. *Id.* at *4.

Here, the record shows that the ALJ considered the medical records, prior administrative findings, and Plaintiff's functional reports and testimony in determining Plaintiff's RFC. AR 33-36. He explained why he found the state

12

agency medical consultants' opinions not persuasive. *Id.* at 35. The medical consultants could not evaluate the claim because they had insufficient evidence to do so because Plaintiff failed to return the forms. *Id.* The ALJ recognized that the medical evidence "warranted a functional analysis for severe impairments based on the medical history, physical examinations, diagnostic testing, medical management, and his activities of daily living within the relevant period." *Id.* The ALJ also discounted Plaintiff's consistency, noting his "ability to perform numerous tasks including attending to his personal care needs, preparing meals, performing household duties, watching TV, reading, going outside, shopping in stores, talking on the phone, texting, paying bills, spending time with family, and taking care of pets." *Id.* at 32. The ALJ recognized that Plaintiff receives help from family "at times" due to mental health issues, but performs numerous activities independently. *Id.*

As to the consultative examination, Plaintiff's counsel did not request one at the hearing. *Cowan v. Astrue,* 552 F.3d 1182, 1187-88 (10th Cir. 2008) (noting ALJ's responsibility for development of the record when there was "no request from [plaintiff's] counsel for any other existing medical records to be obtained, for a consultative mental examination to be performed, or for any other development of the record to be undertaken").

**III.   Conclusion.**

Based on the above, the Court affirms the Commissioner's decision.

**ENTERED** this 9th day of September, 2025.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE